IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JASON C. JOHNSON #368922, | ) ) ) |
| Plaintiff, | ) No. 3:23-cv-00660 ) |
| v. | ) Judge Trauger ) Magistrate Judge Newbern |
| ERNEST LEWIS, et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Jason C. Johnson, an inmate of the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Ernest Lewis, John Artrip, Office Garrett Groesbeck, John Finch, Warden E. Mays, Warden T. Mays, TDOC Commissioner T. Parker, and TDOC, alleging violations of Plaintiff's civil rights. (Doc. No. 1).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that, while the plaintiff was incarcerated at the Riverbend Maximum Security Institution, the defendants did not follow multiple Tennessee Department of Correction ("TDOC") policies when holding one or more disciplinary hearings regarding infractions allegedly

2

committed by the plaintiff, including refusing to take a drug test in May 2021. For example, the complaint alleges that a disciplinary report provided by the defendants did not provide the plaintiff with sufficient notice of the hearing or of the charges he faced, he was not permitted to confront his accuser, he was not permitted to call witnesses on his behalf, and he was not permitted to testify on his own behalf.

As a result of one or more of these hearing decisions, the plaintiff was removed from his job in the Tricor Braile program; his prison pay was reduced from .50/hr to .17/hr; he was reclassified to a higher custody level "which has resulted in earned credits lost"; he is not eligible for certain jobs, educational programs, and classes; he was placed in segregation; and he was transferred to TTCC, which the plaintiff calls "the most dangerous prison in the state of Tennessee and the fourth most dangerous prison in the United States of America for having a medical condition." (Doc. No. 1, Attach. 1 at 11).

After the plaintiff's appeals were denied by the Warden and TDOC Commissioner, the plaintiff filed a Common Law Writ of Certiorari in the Tennessee Court of Appeals. He asserts that the appellate court "wrongfully" denied his Notice of Appeal by not following the prisoner mailbox rule. The Tennessee Supreme Court denied the plaintiff's Rule 11 permission to appeal.

As relief, the plaintiff asks this court to remove the disciplinary infractions from his record, to reinstate the plaintiff to the Tricor Braile program at Riverbend Maximum Security Institution, and to award the plaintiff back pay for all lost wages.

IV. Analysis

The plaintiff's claims are primarily based on the defendants' alleged failure to follow TDOC policies in conducting the plaintiff's disciplinary hearings. The plaintiff also alleges that the defendants violated the plaintiff's federal due process rights by their actions and inactions.

3

Case 3:23-cv-00660   Document 5   Filed 08/31/23   Page 3 of 6 PageID #: 131

It is well settled that alleged violations of Tennessee Department of Correction policies are not actionable under Section 1983." *Boyd v. Staggs*, No. 1:19-cv-00007, 2019 WL 295087, at *2 (M.D. Tenn. Jan. 23, 2019) (citing *Rimmer-Bey v. Brown,* 62 F.3d 789, 790-91 (6th Cir. 1995)). Further, "no liberty interest subject to due process is created by TDOC policies and regulations." *Taylor v. Dukes*, 25 F. App'x 423, 424 (6th Cir. 2002) (citing *Rimmer-Bey*). Thus, the plaintiff cannot proceed under Section 1983 based on the defendants' failure to follow TDOC policies.

Further, the plaintiff finds no relief under Section 1983 in pursuing a due process claim. This is true for several reasons.

First, to the extent the plaintiff contends that one or more of the charges against him were unfounded, the filing of false disciplinary charges against an inmate does not constitute a constitutional violation redressable under Section 1983. *See Person v. Campbell*, No. 98-5638, 1999 WL 454819, at *1 (6th Cir. June 21, 1999).

Second, the disciplinary infractions about which the plaintiff complains are not the equivalent of a state or federal criminal charge against the plaintiff. "The constitutional adequacy of these [prison disciplinary] proceedings is not to be measured by the requirements of a criminal prosecution, for the full panoply of procedural due process rights do not apply to the administration of prison discipline." *Brooks v. Westbrooks,* No. 3:17-cv-00686, 2017 WL 3868275, at *3 (M.D. Tenn. Sept. 5, 2017) (quoting *Crafton v. Luttrell*, 378 F. Supp. 521, 526 (M.D. Tenn. 1973) (citations omitted)).

Third, "a claim for monetary and equitable relief complaining only of procedural defects in a prison disciplinary hearing which, if established, would imply invalidity of the punishment imposed, is not cognizable under Section 1983." *Upshaw v. Jones*, No. 14-2534-JDT-tmp, 2015 WL 348626, at *3 (W.D. Tenn. Jan. 26, 2015) (citing *Edwards v. Balisok*, 520 U.S. 641, 648-49

4

(1997)). Indeed, when a prisoner seeks to challenge the validity or duration of his confinement, his sole remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Here, the complaint alleges that the plaintiff lost earned credits, although it is unclear whether the loss of those credits affected the plaintiff's release date. If so, the plaintiff's claim would clearly be barred. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)) (a Section 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief).

Fourth, the court notes that any Section 1983 claim based on the plaintiff's May 2021 hearing regarding his alleged refusal to take a drug test would also be subject to dismissal based on the statute of limitations. Sixth Circuit precedent "has long made clear that the limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)." *Porter v. Brown*, 289 F. App'x 114, 116 (6th Cir. 2008) (citing, *e.g.*, *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000) ). As this action was not filed until June 2023, any claim related to an incident occurring in 2021 would be time-barred.

Finally, to the extent that Plaintiff asks this court to overturn the decisions of the Tennessee state courts in denying Plaintiff's writ of certiorari, "[f]ederal courts do not sit as appellate courts for state courts that have decided matters of state law." *Mutters-Edelman v. Abernathy*, No. 1:20-2455-STA-cgc, 2021 WL 2413044, at *4 (W.D. Tenn. June 14, 2021).

## V. Conclusion

The court has screened the complaint pursuant to the PLRA and determined that the complaint fails to state Section 1983 claims arising from any defendants' failure to follow TDOC or facility policies. Further, the complaint fails to state due process claims against any defendant under Section 1983. Consequently, this action will be dismissed.

The dismissal of this action is without prejudice to the plaintiff's ability to challenge the validity of one or more disciplinary convictions by way of a federal petition for habeas corpus relief.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge